UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MUHAMMAD M. UMAR,

       Plaintiff,

v.                                       Case No. 18-C-750

CAROLYN J. HENDRICKS & SHEILA HAMILTON,

       Defendants.

## SCREENING ORDER

Plaintiff Muhammad Umar, who is representing himself, filed a complaint against defendants alleging a series of violations arising from their medical treatment of his son. Umar has paid the $400 filing fee. However, district courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statements need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

## BACKGROUND

Umar has joint custody over his son, A.U. Umar's ex-wife took A.U. to Aurora Baycare Behavioral Health Center, where A.U. was treated by Defendants Dr. Carolyn Hendricks and Sheila Hamilton. Defendants diagnosed A.U. with Attention Deficit Hyperactivity Disorder (ADHD) and prescribed methylphenidate (which is the generic name for Ritalin). Umar's ex-wife gave A.U. the methylphenidate during the days of the week that A.U. resided with her.

2

Umar has filed this complaint alleging a number of legal theories. First, he brings a claim under 42 U.S.C. § 1983, alleging defendants deprived him of his constitutional rights under the color of law. Second, he alleges defendants conspired to deprive him of his rights. Third, he alleges defendants were negligent. Fourth, he alleges defendants violated the prohibition on mandatory medication, pursuant to 20 U.S.C. § 1412. Fifth, he alleges defendants violated Wisconsin's patient rights laws. Sixth, he alleges a violation of equal protection under the Fourteenth Amendment.[1]

**DISCUSSION**

After reviewing the complaint, the court finds that it has no subject matter jurisdiction over this action. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). Subject matter jurisdiction can arise either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331.

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Umar has alleged that both he and the defendants reside in Wisconsin.

Nor has Umar pled federal question jurisdiction. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or

---

[1] To the extent that Umar cites other statutes and case law as legal support, the court finds that these citations are meritless and inapplicable to the matter at hand. The court will not address them further.

3

that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Although Umar references several federal statutes, none of them create a private cause of action under which Umar could sue. Umar alleges that defendants conspired to violate rights, in violation of 18 U.S.C. § 241; however, this is a criminal statute and does not create a private right of action for Umar to sue under. *See Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975). Similarly, the prohibition on mandatory medication, under 20 U.S.C. § 1412(a)(25), forbids state and local educational facilities from requiring that a child obtain a prescription for a substance covered by the Controlled Substances Act (21 U.S.C. § 801 et seq.) as a condition of attending school. However, not only does § 1412(a) not create an explicit private right of action, but it is questionable whether this act even creates an implicit private right of action. *See generally M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 860 & n.8 (9th Cir. 2014) (affirming the district court's determination that § 1412(a) did not create an explicit private right of action and declining to reach whether an implied private right of action was created). It is clear, however, *if* there is a private right of action, it is inapplicable against defendants, who are private actors, not states or school districts, to whom the act applies.

Umar also alleges the defendants violated 42 U.S.C. § 1983. Section 1983 imposes civil liability on any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The purpose of § 1983 is "to provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988). The employees of a private hospital are not state actors and thus cannot be named as defendants in a § 1983 action.

4

*See Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966 (7th Cir. 2016) (explaining that a private hospital is not considered a state actor under § 1983).

Similarly, Umar's allegations under the Fourteenth Amendment fail. The Fourteenth Amendment prohibits the government from depriving an individual of equal protection of the law. Therefore, it provides a shield against governmental action or involvement. *See Murphy v. Mt. Carmel High School*, 543 F.2d 1189, 1195 (7th Cir. 1976). However, Umar's claims are alleged against two private actors, not the government, and thus, are inapplicable.

Umar's remaining claims for negligence and violations of Wisconsin law are based in state law and are insufficient to establish jurisdiction. While a court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims, it may not do so without having original jurisdiction over a related claim. Because Umar has failed to state a claim over which this court has original jurisdiction, the court cannot exercise jurisdiction over any of Umar's state law claims.

In sum, Umar has failed to state a claim over which this court has jurisdiction. This court will not opine as to whether Umar has valid state law claims; such claims belong in state, not federal, court and Umar is free to seek relief there.

**IT IS THEREFORE ORDERED** that this action is dismissed *sua sponte* for lack of subject matter jurisdiction. The Clerk is instructed to enter judgment accordingly.

Dated this   24th   day of May, 2018.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court