UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MUHAMMAD M. UMAR,

        Plaintiff,

  v.                                        Case No. 18-C-750

CAROLYN J. HENDRICKS
& SHEILA HAMILTON,

        Defendants.

**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND COMPLAINT**

On May 16, 2018, Plaintiff Muhammad Umar, who is representing himself, filed a complaint against Defendants Carolyn Hendricks and Sheila Hamilton for their medical treatment of his minor son. Umar alleges he shares legally custody over his son, but Defendants failed to include him in the medical treatments they provided son while he was with his ex-wife. On May 24, 2018, the Court *sua sponte* dismissed Umar's complaint for lack of subject matter jurisdiction. The Court explained that because Umar and the Defendants were all citizens of Wisconsin, Umar had failed to plead diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court also explained that Umar had failed to plead a cause of action arising from a federal question; thus, the Court had no federal question jurisdiction pursuant to 28 U.S.C. § 1331. Now before the Court are two motions by Umar. First is a motion for reconsideration. Second is a motion for leave to amend his complaint. For the reasons expressed below, both motions will be denied.

In his motion for reconsideration and motion for leave to amend, Umar reiterates many of the same factual allegations as his original complaint. The only relevant new fact that he asserts is

that he and his son both have dual citizenship in Nigeria. Umar therefore alleges he has sufficiently pled diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(2). However, the Seventh Circuit has "held that, when a dual citizen of the United States and a foreign country asserts the subject-matter jurisdiction of the federal courts under § 1332(a)(2), 'only the American national of the dual citizen should be recognized.'" *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 454 (7th Cir. 2009) (quoting *Sadat v. Mertes*, 615 F.2d 1176, 1189 (7th Cir. 1980)). Thus, for diversity jurisdiction purposes, only Umar's American nationality is recognized. Since he and the Defendants are citizens of Wisconsin, there is no basis for diversity jurisdiction. Additionally, Umar has pled no new basis for federal question jurisdiction.

Neither Umar's motion for reconsideration nor his motion for leave to amend and proposed amended complaint establish subject matter jurisdiction. Because Umar did not cure the deficiencies in his original complaint, the Court is still without jurisdiction and cannot entertain Umar's claims. As such, both Umar's motion for reconsideration (ECF No. 5) and motion for leave to amend (ECF No. 7) are **DENIED**.

**SO ORDERED**.

Dated this   13th   day of June, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
